MINA LEE *et al.*, Plaintiffs-Appellants, *v.* CENTRAL NATIONAL BANK & TRUST COMPANY OF ROCKFORD, Admr. of the Estate of Orin W. Cox, *et al.*, Defendants-Appellees.

(No. 71-254; <span style="visibility:hidden"></span>

Second District—January 26, 1973.

*Rehearing denied April 10, 1973.*

*Certificate of importance filed April 10, 1973.*

George E. Nichols and Luke R. Morin, both of Dixon, for appellants.

Anthony R. Fabiano and Sam J. Cannariato, both of Rockford, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

The nieces and nephews of Olive P. Cox filed suit as legatees under the will of Olive P. Cox, formerly Olive P. Vogeler, alleging that an oral ante-nuptial agreement reduced to writing and executed after the marriage of Olive P. Vogeler and Orin W. Cox together with the will of Olive P. Cox executed prior to her marriage to Orin W. Cox, constituted an equitable assignment of her property to said legatees under the will.

Olive P. Cox, formerly Olive P. Vogeler, was formerly married to Bert O. Vogeler. On August 16, 1949, she and her then husband executed their respective wills. Bert O. Vogeler died November 28, 1952. On June 16, 1962 Olive P. Vogeler married Orin W. Cox. There was a verbal agreement prior to their marriage whereby each of them disclaimed any inter-

est in any property the other owned. This agreement was recognized in a written agreement which was executed after the marriage on October 23, 1964 in which Orin W. Cox disclaimed any interest and waived his right of inheritance in the property of Olive P. Cox, and that said property should descend by will or otherwise to the respective heirs of Olive P. Cox. On February 16, 1970, Olive P. Cox died. A petition was filed to admit the will of Olive P. Cox to probate which the court denied. On April 30, 1970, Orin W. Cox filed a petition for letters of administration and letters were issued to the defendant, Dixon National Bank. Three days later, on May 2, 1970, Orin W. Cox died at the age of 82 years. Two of the defendants herein, Jeffrey Hanes and Samuel Hanes, were heirs of Olive P. Cox. On the basis that the court might determine that the will of Olive P. Cox was of no force and effect, and that Orin W. Cox had no interest in the estate of Olive P. Cox, a guardian *ad litem* was appointed in the instant proceedings for Samuel Hanes, an incompetent, and Jeffrey Hanes, a minor. They have appeared in this court as cross-appellants, and contend that the only parties in interest in the estate of Olive P. Cox are her heirs at law.

Plaintiffs contend that the written agreement signed after the marriage is not barred by the Statute of Frauds (Ill. Rev. Stat. 1969, ch. 59, secs. 1, 2 and 3), and that the agreement with the will is an equitable assignment.

Phrasing the issue succinctly the question before this court is whether or not the "ante-nuptial agreement," reduced to writing after the marriage of the parties, is void.

The trial court in a memorandum opinion stated that it was the intention of Olive P. Cox and Orin W. Cox to claim no interest in the property of the other. The court further went on to say that it was of the opinion that the equities of the case were with the plaintiffs. However, the trial court held "with reluctance" that the case of *McAnnulty v. McAnnulty* (1887), 120 Ill. 26, 11 N.E. 397, was controlling.

Prior to 1965 the Legislature of Illinois had provided in Ill. Rev. Stat., ch. 3, sec. 46, that:

> "* * * (1) marriage of the testator revokes a will executed by the testator before the date of the marriage; * * *."

In 1965 the Legislature changed this statute and provided in part:

> "No will or any part thereof shall be revoked by any change in the circumstances, condition or marital status of the testator * * *."

It is obvious that the Legislature intended to rectify inequitable situations such as the case before this court. The Legislature went on to provide that the new provision would be applicable to wills of decedents dying after December 31, 1965. The 1965 Act further provided in substance

however, that a will revoked in any manner, in this case by the marriage prior to the effective date of the Act, would not be revived except by re-execution.

■■ In the probate proceedings it was properly held that the amendatory act did not revive the will of Olive P. Cox which had been revoked by the prior existing statute. *Stolte v. Stolte* (1967), 37 Ill.2d 427, 226 N.E.2d 615.

While this case differs factually, this court too is bound by the Supreme Court decision in *McAnnulty*. It may be observed that the Supreme Court in that case, like the trial court in our case, recognized the shortcomings of the application of the Statute of Frauds to a situation similar to the one herein, when the court in prefacing its interpretation and application of the law stated: "Whatever may be the Court's opinion as to the policy of a statute, it is its duty to carry out its provisions so as to effectuate the intention of the lawmakers. If found to operate with inconvenience, or to produce hardship, it is for the legislature to apply the corrective."

In the instant case the "ante-nuptial" agreement executed in writing by Olive P. Cox and Orin W. Cox after their marriage, recognized the prior oral "ante-nuptial" agreement. In *McAnnulty* the purported written agreement was put in evidence and the court held that if it had been executed by the parties before the marriage, it would have been controlling. In that case it appeared that the verbal agreement prior to marriage was allegedly reduced to writing after the marriage. A difference in *McAnnulty* was the observation of the court that there was serious doubt as to whether or not Mrs. McAnnulty did in fact sign the agreement. Evidence was presented that she was unable to read, write or sign her name, and that prior documents executed by her were executed by making an "X" mark between her Christian and surname, which is customarily done by those who cannot write. The court nonetheless held that a verbal agreement reduced to writing after the marriage was "obnoxious to the Statute of Frauds."

■■ We therefore find that the prior will of Olive Vogeler, executed prior to her marriage to Orin W. Cox, together with a verbal ante-nuptial agreement reduced to writing after the marriage, does not constitute an equitable assignment. The judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD and ABRAHAMSON, JJ., concur.